**JEMIOLA et al.**

v.

**XYZ CORPORATION.**

2003-Ohio-7321.]

Court of Common Pleas of Ohio,
Cuyahoga County.

No. CV–411237.

Decided Dec. 11, 2003.

Joseph R. Compoli Jr. and James R. Goodluck, for plaintiffs.

XYZ Corporation, defendant, pro se.

---

Mary Jane Boyle, Judge.

{¶ 1} This matter came before the court on July 22, 2003, on plaintiff Cynthia J. Jemiola's June 30, 2000 complaint against defendant XYZ Corporation, filed on behalf of herself as an individual and as a class action on behalf of all others similarly situated, such claims arising under the Federal Telephone Consumer Protection Act ("TCPA"), Section 227, Title 47, U.S.Code, to which an amended complaint was filed on August 22, 2000, and a second amended complaint was filed on October 10, 2000, to which defendant XYZ Corporation filed its December 4, 2000 answer. Plaintiff filed her July 14, 2003 trial brief in support of liability and damages.

{¶ 2} Trial was held on July 22, 2003. The defendant, although duly notified, failed to appear. Thus, the only evidence presented was by and on behalf of plaintiff. Plaintiff's attorney, Joseph R. Compoli Jr., then filed his August 8, 2003 supplemental affidavit in support of attorney fees.

{¶ 3} The TCPA specifically prohibits and makes it unlawful for anyone "to use any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." Section 227(b)(1)(C), Title 47, U.S.Code. The term "unsolicited advertisement" is defined by the statute as "any material advertising the commercial availability or quality or any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." Section 227(a)(4), Title 47, U.S.Code.

{¶ 4} Plaintiff Cynthia J. Jemiola's complaint alleges that she received six unsolicited facsimiles containing advertisements for defendant XYZ Corporation, and that the sending of these advertisements to her facsimile machine was a violation of Section 227(b)(1), Title 47, U.S.Code and also R.C. 1345.02(A) of the Ohio Consumer Sales Practices Act ("CSPA").

{¶ 5} Upon due notice and hearing, this court finds and orders as follows:

## FINDINGS OF FACT

{¶ 6} In the period from February 2, 2000, through April 9, 2000, plaintiff Cynthia J. Jemiola received six unsolicited advertisements on her facsimile machine in Cleveland, Ohio. These facsimile ("fax") advertisements were sent by defendant XYZ Corporation, promoting the availability of various seminars, training programs, and workshops.

{¶ 7} Plaintiff filed suit against defendant under the TCPA and CSPA on June 30, 2000. Plaintiff's complaint was timely filed. The statute of limitations for plaintiff's claims is four years under the TCPA and two years under the CSPA. See Section 1658, Title 28, U.S.Code; R.C. 1345.10(C).

{¶ 8} Plaintiff has stated in sworn affidavits filed with this court that she did not ever give prior express invitation or permission to have these fax advertisements transmitted to her. Defendant has not submitted any evidence to the contrary.

{¶ 9} On December 21, 2001, this court issued an order granting plaintiff's motion for class certification of this action. See Civil Journal Volume 2682, pages 0630–0643.

{¶ 10} The court also takes judicial notice of the fact that plaintiff Cynthia J. Jemiola has an individual claim in this case under the Ohio Consumer Sales Practices Act against defendant XYZ Corporation and that this claim is unrelated to the class action portion of this litigation. This individual claim does not affect plaintiff's class claims in any way, nor does it render plaintiff untypical or antagonistic as a class member.

## CONCLUSIONS OF LAW

{¶ 11} The TCPA prohibits the transmittal of fax advertisements without first obtaining the "prior express invitation or permission of the recipient." Sections 227(a)(4) and 227(b)(1)(C), Title 47, U.S.Code. A recipient of an unsolicited fax advertisement has a cause of action under the TCPA for statutory damages and injunctive relief. Each transmittal of an unsolicited fax page containing an advertisement is an independently actionable tort. Sections 227(B)(1)(C) and 227(b)(3), Title 47, U.S.Code.

{¶ 12} These protections apply to both individuals and businesses. In addition, the TCPA prohibits the sending of unsolicited fax advertisements regardless of whether they were transmitted interstate or intrastate. See, e.g., *Texas v. Am. Blastfax, Inc.* (W.D.Tex.2000), 121 F.Supp.2d 1085, 1087–1090. The TCPA applies to defendant XYZ Corporation despite the fact that it transmitted its fax advertisements solely to recipients within Ohio.

{¶ 13} The sending of unsolicited commercial fax advertisements is not a right protected by the Constitution. It is well settled that nothing in the First or Fourteenth Amendments authorizes a merchant to print its advertisements by using someone else's fax machine, paper, and ink without prior consent to do so. There is simply no "right" to force commercial advertising material into another person's property at the property owner's expense. See, e.g., *Missouri v. Am. Blast Fax, Inc.* (C.A.8, 2003), 323 F.3d 649; *Destination Ventures, Ltd. v. FCC*

(C.A.9, 1995), 46 F.3d 54, affirming (D.Ore.1994), 844 F.Supp. 632; *Texas v. Am. Blastfax* (W.D.Tex.2000), 121 F.Supp.2d 1085. Defendant is not restricted from publishing its advertisements on its own paper, with its own ink, and on its own printing press.

{¶ 14} For consent to send fax advertisements to be valid according to Section 227(b)(1)(C), Title 47, U.S.Code, the recipient must be *expressly* told that the materials to be sent are *advertising* materials and will be sent *by fax*. In the absence of each clear prior notice, express invitation or permission to send fax advertisements is not obtained.

{¶ 15} Proof of "prior express invitation or permission" is the only complete defense to a claim that a defendant sent unsolicited fax advertisements in violation of the TCPA.

{¶ 16} Furthermore, since it is the legal obligation of the *advertiser* to obtain "prior express invitation or permission" before sending its fax advertisements, the recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials. Consent may not be implied from a recipient's failure to make such a request. This would be contrary to the statutory requirement for *prior* express invitation or permission.

{¶ 17} An advertiser has the burden of proof with regard to the issue of "prior express invitation or permission." This is plain from the legislative history of the TCPA.

{¶ 18} The House Report on the TCPA discusses the phrase "prior express invitation or permission" and makes clear that advertisers have a duty to "establish specific procedures for obtaining prior permission and maintaining appropriate documentation with respect to such permission." U.S. House Rep. 102–317, at 13. This responsibility "is the minimum necessary to protect unwilling recipients from receiving fax messages that are detrimental to the owner's uses of his or her fax machine." U.S. Senate Rep. No. 102–178, at 8. Hence, a fax advertiser has an obligation to obtain prior express consent from the recipients of its advertisements and to keep and maintain records of such consent.

{¶ 19} Consent may not be inferred from the mere distribution or publication of a fax number, or the existence of a previous business relationship between an advertiser and the recipient, in the absence of specific evidence of "prior express invitation or permission" to send advertisements by fax. The touchstone is *consent*. This is self-evident from the fact that "prior express invitation or permission" is the sole statutory defense to a cause of action based upon unsolicited fax advertisements. See Section 227(a)(4), Title 47, U.S.Code.

{¶ 20} This court has jurisdiction and authority to hear plaintiff's claims under the TCPA. Section 227(b)(3), Title 47, U.S.Code; *Compoli v. AVT Corp.* (N.D.Ohio 2000), 116 F.Supp.2d 926, 928 (state courts have exclusive jurisdiction to hear TCPA claims); *Internatl. Science & Tech. Inst., Inc. v. Inacom. Communications, Inc.* (C.A.4, 1997), 106 F.3d 1146, 1156 (no special enabling legislation is necessary for state courts to hear TCPA claims.)

## PLAINTIFF CYNTHIA J. JEMIOLA'S CLAIM UNDER THE OHIO CONSUMER SALES PRACTICES ACT (CSPA)

{¶ 21} This court has specific statutory jurisdiction and authority to hear plaintiff's individual claims under the Ohio CSPA. See R.C. 1345.04. The sending of unsolicited fax advertisements is an inherently unfair and deceptive act or practice, in violation of R.C. 1345.02(A) of the Ohio CSPA, since the advertiser is using someone else's fax equipment, paper, ink and supplies to print its advertisements without prior express consent to do so. For the same reason, an advertiser's failure to comply with the requirements of the TCPA is a violation of R.C. 1345.02(A) of the CSPA. The CSPA provides for minimum damages, injunctive relief, and attorney fees for any violation. See R.C. 1345.09.

{¶ 22} The TCPA and CSPA are remedial laws. "Legislation providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained is remedial." Black's Law Dictionary (6th Ed.2000). As remedial laws, the TCPA and CSPA must be liberally construed to protect the rights and interests of the plaintiff and the general public. See, e.g., R.C. 1.11; *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 30, 548 N.E.2d 933.

{¶ 23} The TCPA provides for minimum statutory damages of $500 per violation, and treble damages of $1,500 if the fax advertisements were sent "willfully." Section 227(b)(3), Title 47, U.S.Code. The definition of the term "willfully" is merely that the defendant acted voluntarily, under its own free will, and regardless of whether the defendant knew that it was acting in violation of the statute. See, e.g., Section 312(f)(1), Title 47, U.S.Code; *Smith v. Wade* (1983), 461 U.S. 30, 41, 103 S.Ct. 1625, 75 L.Ed.2d 632.

{¶ 24} The Ohio CSPA provides for minimum statutory damages of $200 per violation. R.C. 1345.09(B). In addition, the CSPA further authorizes an award of reasonable attorney fees to a prevailing plaintiff if the defendant knowingly committed an act or practice that constitutes a violation of the statute. R.C. 1345.09(F).

{¶ 25} The plaintiff has no obligation to mitigate damages, since the amount of damages is specifically set by statute and is therefore mandatory. In

addition, mitigation of damages would undermine the legislative purpose by effectively rewarding the wrongdoer.

{¶ 26} Defendant was served with proper notice of class certification by this court. This case, in part, has subsequently continued as a class action.

{¶ 27} The court is authorized, pursuant to Ohio Civ.R. 23(D), to enter appropriate orders to control the action. This includes the authority to modify or amend the order granting class certification or any subsequent order issued in this case, as justice requires.

{¶ 28} The court finds as follows:

1. The evidence presented is unrefuted in that defendant XYZ Corporation sent six fax advertisements to plaintiff Cynthia J. Jemiola without first obtaining her prior express invitation or permission. The court therefore finds that defendant acted willfully and that plaintiff Cynthia J. Jemiola is entitled to the maximum damages allowed under the TCPA. Section 227(b)(3), Title 47, U.S.Code. However, plaintiff has provided no concrete evidence of faxes being sent to any other member of the class; therefore, judgment is only in favor of plaintiff Cynthia J. Jemiola, individually.

2. Judgment is hereby entered in favor of plaintiff Cynthia J. Jemiola and against defendant XYZ Corporation in the amount of $9,000, representing the sum of $1,500 per each of the six unsolicited fax advertisements received by plaintiff Cynthia J. Jemiola, pursuant to Section 227(b)(3), Title 47, U.S.Code.

3. Judgment is also granted in favor of plaintiff Cynthia J. Jemiola and against defendant XYZ Corporation on her individual claims under the Ohio CSPA in the amount of $1,200, representing the sum of $200 per each of the six unsolicited fax advertisements which she received.

4. Defendant XYZ Corporation does not dispute that it knew it was sending fax advertisements without first obtaining the prior express invitation or permission of the recipients.

{¶ 29} The court therefore finds that defendant XYZ Corporation acted knowingly and that plaintiff Cynthia J. Jemiola is entitled to a judgment of attorney fees under the Ohio CSPA. R.C. 1345.09(F). However, while plaintiff presented evidence seeking attorney fees in the amount of $70,000—$40,000 to Joseph R. Compoli Jr., and $30,000 to James R. Goodluck—a review of said attorney fees sought shows that a majority of said fees are for time and expense incurred in pursuing the class action claims. Since Section 227 et seq., Title 47, U.S.Code, does not provide attorney fees as damages for recovery in violation of this Act, plaintiff is not entitled to such attorney fees. Plaintiff Cynthia J. Jemiola is entitled to recover attorney fees as damages for defendant XYZ

Corporation's six willful violations under Ohio CSPA, R.C. 1345.09. Based upon the law and evidence, plaintiff Cynthia J. Jemiola is not entitled to the full amount of attorney fees sought. The court has considered the following factors that a court may take into account in determining "reasonable attorney's fees" as identified in *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464:

    (a) the time and labor involved in maintaining the litigation;

    (b) the novelty and difficulty of the questions involved;

    (c) the professional skill required to perform the necessary legal services;

    (d) the attorney's inability to accept other cases;

    (e) the fee customarily charged;

    (f) the amount involved and the results obtained;

    (g) any necessary time limitations;

    (h) the nature and length of the attorney/client relationship;

    (i) the experience, reputation, and ability of the attorney; and

    (j) whether the fee is fixed or contingent.

{¶ 30} Additionally, the court has considered that in the supplemental affidavit filed August 8, 2003, attorneys Compoli and Goodluck indicate that there is no intention by them to charge fees for duplicate services. The court shall apply the requested attorney fee rate of $250 per hour, finding that reasonable.

{¶ 31} For the foregoing reasons, the court reduces significantly plaintiff's request for attorney fees to $7,250, as the remainder of the requested fees relates directly and proximately to the class action or represent fees for duplicate services.

{¶ 32} Further, the court will not make separate determinations as to attorney fees to be awarded to Compoli and Goodluck, but shall make an award to plaintiff Cynthia J. Jemiola for attorney fees incurred relative to her Ohio CSPA action. The court awards the amount of $7,250 to plaintiff as and for attorney fees under her Ohio CSPA action only.

{¶ 33} For the foregoing reasons, it is therefore ORDERED, ADJUDGED AND DECREED that:

1.   Judgment is entered in favor of plaintiff Cynthia J. Jemiola and against defendant XYZ Corporation in the amount of $9,000 pursuant to Section 227(B)(3), Title 47, U.S.Code.

2.   Judgment is entered in favor of plaintiff Cynthia J. Jemiola and against defendant XYZ Corporation in the amount of $1,200 pursuant to the Ohio CSPA.

3. Plaintiff is awarded attorney fees in the amount of $7,250.

{¶ 34} IT IS SO ORDERED.

Judgment accordingly.