JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant, George Mokrytzky, et al. ("Mokrytzky"), appeals the trial court's dismissal of his complaint against defendant-appellee, Super Systems, Inc. ("Super Systems"). Finding no merit to the appeal, we affirm.
 {¶ 3} On November 22, 2005, Mokrytzky filed a complaint against Super Systems pursuant to the Telephone Consumer Protection Act ("TCPA"),47 U.S.C. § 227. In the complaint, Mokrytzky alleged that he received an unsolicited advertisement from Super Systems on his business fax machine. The fax was received on November 21, 2001.
 {¶ 4} Super Systems filed a motion for summary judgment, arguing that the complaint was filed past the statute of limitations. The trial court agreed and granted the motion. The court held that Mokrytzky filed his complaint one day past the four-year statute of limitations.
 {¶ 5} Mokrytzky now appeals, raising one assignment of error, in which he argues that the trial court erred in granting Super Systems' motion for summary judgment.
 {¶ 6} Both Mokrytzky and Super Systems agree that the applicable statute of limitations governing a cause of action under the TCPA is four years. See 28 U.S.C. § 1658; Jemiola v. XYZ Corp.,126 Ohio Misc.2d 68, 2003-Ohio-7321, 802 N.E.2d 745.
 {¶ 7} R.C. 1.14 provides, in pertinent part:
 "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday."
 {¶ 8} Mokrytzky argues that the trial court misinterpreted R.C. 1.14
in a manner which shortened the statute of limitations. He claims that the trial court's interpretation of R.C. 1.14 actually resulted in his having one day less than four years to file his complaint. He proposes that, because R.C. 1.14 excludes the first day, the statute should be interpreted to mean the last day is the anniversary of the dayafter the date of the event which gave rise to his claim. Under this interpretation, the statute of limitations would not have expired until the end of the day on November 22, 2005, and his complaint would be timely.
 {¶ 9} Civ.R. 6(A) states in pertinent part:
 "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."[1]
 {¶ 10} Ohio courts have consistently interpreted a "year," as set forth in R.C. 1.14, to begin the day following the date on which the event occurred and end at the close of the first anniversary of the day the event occurred. See Schon v. National Tea Co. (1969),19 Ohio App.2d 222, 250 N.E.2d 890; Thomas v. Galinsky, Geauga App. No. 2003-G-2537,2004-Ohio-2789; Johnson v. Allied Signal (Oct. 8, 1999), Portage App. No. 98-P-0063; Babcock v. S.E. Johnson Co. (July 17, 1992), Wood App. No. 91WD118; Vermander v. Bureau of Motor Vehicles (Oct. 19, 1988), Wayne App. No. 2393; Timson v. Gillings (Mar. 25, 1975), Franklin App. No. 74AP-438. Additionally, except in those instances where the last day of a period of limitation falls on a Sunday or on a holiday, the "last day" has been universally included in the computation of time under a statute of limitations. 20 A.L.R.2d 1249, 1.
 {¶ 11} Mokrytzky urges this court to ignore Schon, arguing it was incorrectly decided. Yet Mokrytzky can cite no authority other than his own proposed "logic" to support his position. We find no merit to his argument and hold that the trial court correctly determined that the applicable statute of limitations expired on November 21, 2005. Therefore, Mokrytzky's complaint was not timely filed.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J. and MELODY J. STEWART, J. CONCUR
[1] There is no issue in this case with regard to the last day falling on a Saturday, Sunday, or legal holiday because November 21, 2005 was a Monday.