**US FAX LAW CENTER, INC.,**
**Plaintiff–Appellant,**

v.

**HENRY SCHEIN, INC., d/b/a Sullivan–Schein Dental, a Delaware corporation and Dentrix Dental Systems, Inc., a Utah corporation, Defendants–Appellees.**

**No. 08CA0012.**

Colorado Court of Appeals,
Div. IV.

Feb. 5, 2009.

Sawaya, Rose & Kaplan, P.C., Richard B. Rose, Denver, Colorado, for Plaintiff–Appellant.

Moye White LLP, Scott R. Bauer, Elizabeth H. Getches, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RICHMAN.

Plaintiff, U.S. Fax Law Center, Inc. (FLC), appeals the order of the trial court awarding attorney fees under section 13–17–201, C.R.S.2008, to defendants, Henry Schein, Inc., doing business as Sullivan–Schein Dental, and Dentrix Dental Systems, Inc. (the Schein defendants), and the order denying FLC's motion under C.R.C.P. 59(a) to set aside the attorney fees award. We affirm both orders and remand for an award of attorney fees on appeal.

## I. Background

FLC initiated this case against the Schein defendants alleging claims for (1) violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, (2) violations of the Colorado Consumer Protection Act (CCPA), § 6–1–702, C.R.S.2008, and (3) state torts sounding in negligence and negligence per se. All claims arise from the Schein defen-

dants' transmission of unsolicited facsimile advertisements. The TCPA makes it unlawful to send unsolicited facsimile advertisements and creates a private right of action permitting the recipient of such a fax to sue for actual monetary loss or to receive statutory damages of $500 for each violation. 47 U.S.C. § 227(b)(1)(C) & (3). The CCPA makes the sending of unsolicited faxes or any faxes lacking a "header" a deceptive trade practice. § 6–1–702(1)(a) & (b), C.R.S.2008.

Although the TCPA is a federal statute, it expressly provides that if "otherwise permitted by the laws or rules of court" of the state, the private cause of action may be brought in an appropriate state court. 47 U.S.C. § 227(b)(3). A division of this court has held that Colorado state courts have jurisdiction to hear actions under the TCPA. *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, 121 P.3d 350, 352 (Colo. App.2005).

FLC was not the direct recipient of the facsimiles at issue but rather took assignments of the claims from the original recipients. After FLC commenced this action, divisions of this court held that assignees of such claims do not have standing under the TCPA, because the claims are akin to invasion of privacy claims, or under the CCPA, because the assignees are not actual consumers. *See McKenna v. Oliver*, 159 P.3d 697 (Colo.App.2006); *U.S. Fax Law Ctr., Inc. v. Myron Corp.*, 159 P.3d 745 (Colo.App.2006). Relying in part on these two decisions, the trial court granted the Schein defendants' C.R.C.P. 12(b)(5) motion to dismiss FLC's complaint.

Twenty-eight days after the dismissal order, the Schein defendants filed a motion for an award of attorney fees under section 13–17–201. The trial court granted the motion and ordered a hearing to determine a reasonable amount of fees. The court held a hearing and awarded attorney fees of $10,571. The court denied FLC's C.R.C.P. 59(a) motion, and this appeal followed.

## II. Standards of Review

We review attorney fees awards and C.R.C.P. 59(a) rulings for abuse of discretion. *BA Mortgage, LLC v. Quail Creek Condominium Ass'n*, 192 P.3d 447, 454 (Colo.App.2008); *Buckley Powder Co. v. State*, 70 P.3d 547, 564 (Colo.App.2002). However, we review de novo any statutory interpretation or legal conclusion that provides a basis for such a fee award. *Brown v. Davidson*, 192 P.3d 415, 420 (Colo.App.2006).

## III. FLC's Arguments on Appeal

FLC argues that the trial court erred in awarding attorney fees under section 13–17–201 because (1) application of that statute in this case conflicts with the TCPA, and therefore the award violates the Supremacy Clause, (2) section 13–17–201 provides for an award of attorney fees only when a "state tort claim" is dismissed for failure to state a claim and does not apply to FLC's TCPA claim, and (3) the attorney fees provision of section 6–1–113(3), C.R.S.2008, rather than section 13–17–201, governs the award of attorney fees for dismissal of FLC's CCPA claims.

In addition, FLC argues that the trial court abused its discretion by not adequately explaining why it allowed the Schein defendants to file for attorney fees twenty-eight days after the case was dismissed. FLC also argues that the trial court abused its discretion by failing to explain why it denied FLC's C.R.C.P. 59(a) motion to set aside the attorney fees award.

The Schein defendants request attorney fees incurred on this appeal.

### A. Timely Motion for Attorney Fees

FLC contends that the trial court abused its discretion by accepting the Schein defendants' motion for attorney fees more than fifteen days after dismissing the case "without discussion, analysis, or citation to legal authority of any kind." We disagree.

C.R.C.P. 121 § 1–22(2)(b) provides: "Any party seeking attorney fees under this practice standard shall file and serve a motion for attorney fees within 15 days of entry of judgment *or such greater time as the court may allow.*" (Emphasis added.) Furthermore, "a party's failure to request an extension of time does not preclude a trial

court from considering a request for an award of costs and fees which has been filed beyond the 15–day deadline." *In re Marriage of Wright,* 841 P.2d 358, 361 (Colo.App. 1992). Thus, if the trial court accepts a filing after fifteen days without expressly granting an extension, it has impliedly exercised its discretion under the rule.

Here, the trial court rejected FLC's assertion that the request was untimely filed, stating that its decision was based on "the reasons stated" in a specified paragraph of the Schein defendants' Reply in Support of Motion for Attorneys' Fees. That paragraph, in addition to citing *In re Marriage of Wright,* describes the Schein defendants' post-trial efforts to negotiate a settlement on the attorney fees, FLC's request for time to consider their offer, the Schein defendants' attempts to contact FLC after that time had expired, and FLC's belated rejection of the offer. Thus, we conclude the court did not abuse its discretion by accepting the Schein defendants' filing twenty-eight days after it entered its order dismissing FLC's claims.

### B. Whether Section 13–17–201 Is Preempted by TCPA

In *Consumer Crusade,* the division noted that the Supremacy Clause mandates that state law yield when it conflicts with federal law. 121 P.3d at 353 (citing *Middleton v. Hartman,* 45 P.3d 721, 731 (Colo. 2002)). Further, although the Supremacy Clause charges states with a coordinate responsibility to enforce federal law, each state does so in accordance with its regular modes of procedure, unless Congress dictates otherwise. Federal law must take state courts "as it finds them," because the states "have great latitude to establish the structure and jurisdiction of their own courts." 121 P.3d at 353 (quoting *Howlett v. Rose,* 496 U.S. 356, 372, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)). *Consumer Crusade* also notes that the TCPA "leaves to the states the procedural and jurisdictional questions surrounding each state's enforcement of private rights of action." 121 P.3d at 355 (quoting *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Commc'ns, L.P.,* 329 F.Supp.2d 789, 802 (M.D.La.2004)).

The TCPA, on the one hand, contains no provision for the award of attorney fees. Section 13–17–201, on the other hand, requires the trial court to award reasonable attorney fees to a defendant when it dismisses a tort action under C.R.C.P. 12(b). FLC contends that because the TCPA is silent on attorney fees, Congress intended to adopt and apply the "American Rule" to TCPA claims, and therefore Colorado's statute is preempted. We are not persuaded.

Federal preemption of a state statute can occur when the federal statute expressly defines the extent to which it preempts the state law, when it occupies the field touched by the state law, or when the federal and state statutes are in direct conflict. *See English v. General Electric Co.,* 496 U.S. 72, 78–79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990). FLC's preemption argument is based on an asserted conflict between the TCPA and section 13–17–201.

Our courts have held that federal preemption is based on the Supremacy Clause and voids the applicability of a Colorado attorney fees statute only to the extent the statute conflicts with a provision of federal law. *See State v. Golden's Concrete Co.,* 962 P.2d 919, 926 (Colo.1998); *Kennedy v. King Soopers Inc.,* 148 P.3d 385, 388 (Colo.App.2006). Here, the TCPA and section 13–17–201 do not directly conflict. Unlike in *Golden's Concrete,* where the federal law specified criteria for an award of attorney fees that conflicted with the basis for a mandatory award under section 13–17–201, here the TCPA contains no criteria for an award of attorney fees.

FLC cites no case in which a state attorney fees statute was preempted by the TCPA, or by any *federal* statute that is silent as to awarding attorney fees. Instead, it would have us infer from congressional silence that the intent was to preclude the prevailing party in a TCPA case from collecting attorney fees.

We apply the interpretation principles followed by the Supreme Court: "Legislative silence is a poor beacon to follow in discerning the proper statutory route." *Zuber v. Allen,* 396 U.S. 168, 185, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969). "An inference drawn

from congressional silence certainly cannot be credited when it is contrary to all other textual and contextual evidence of congressional intent." *Burns. v. United States,* 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Accordingly, we decline to infer from its silence that Congress intended to preclude the prevailing party in a TCPA case from collecting attorney fees.

Instead, we conclude that the TCPA leaves in place Colorado's laws governing attorney fees. Our interpretation finds textual and contextual support in other provisions of the TCPA. The statute provides that an action under the TCPA may be brought in state courts "if otherwise permitted by the laws or rules of court of a State." 42 U.S.C. § 227(b)(3). This language strongly suggests that those laws and rules of the state will govern when such an action is brought in the state court. Whether section 13–17–201 is characterized as a state law or a rule of procedure, this language of the TCPA contemplates the application of such a statute.

We are not persuaded otherwise by FLC's citation to cases brought under the TCPA where attorney fees have been denied. Those cases, unlike the case at bar, arose in states where no state statute authorized an award of attorney fees. *See, e.g., Klein v. Vision Lab Telecommc'ns, Inc.,* 399 F.Supp.2d 528, 542 (S.D.N.Y.2005) ("The relatively few state cases that have permitted recovery of attorney's fees did so pursuant to specific authorizations in state statutes, authorizations that are not contained in the New York State statute...."); *Jemiola v. XYZ Corp.,* 126 Ohio Misc.2d 68, 802 N.E.2d 745, 751 (C.P.2003).

We conclude that FLC has not demonstrated that section 13–17–201 violates the Supremacy Clause or that it may not be applied in a TCPA case brought in a Colorado court.

**C. Whether Section 13–17–201 Applies**

 Section 13–17–201 applies to C.R.C.P. 12(b) dismissals of *"all actions* brought as a result of a death or an injury to person or property occasioned by the tort of any other person." (Emphasis added.) An award of attorney fees under section 13–17–

201 is mandatory when a trial court dismisses an action under C.R.C.P. 12(b). *Wilson v. Meyer,* 126 P.3d 276, 284 (Colo.App.2005).

FLC nonetheless relies on an excerpt from *Kennedy* that section 13–17–201 "applies only to *state* tort actions." 148 P.3d at 388 (emphasis added). FLC does not dispute that a claim under the TCPA is properly characterized as a "tort." Rather, it argues that this claim is a "federal statutory tort" and thus outside the scope of section 13–17–201 based on the language from *Kennedy.* FLC's argument fails for three reasons.

First, the plain language of section 13–17–201 provides for an attorney fees award in *"all actions brought as a result of ...* injury to person or property occasioned by *the tort of any other person."* (Emphasis added.) Nothing in the plain language limits the application of the statute to "state torts" as opposed to what FLC describes as a "federal statutory tort."

Second, we do not read *Kennedy* as intending to limit the application of section 13–17–201 to "state tort claims." Although the division in *Kennedy* used such phraseology, FLC takes the statement out of context. The *Kennedy* division upheld the award of attorney fees under section 13–17–201 because it relied on "plaintiff's characterization of the claims in the complaint." 148 P.3d at 388. It concluded that "[b]ecause plaintiff's claims were pled as torts, the dismissal of plaintiff's case triggered a mandatory award under § 13–17–201." *Id.* We view the later reference to "state tort actions" as merely descriptive, not substantive to the holding.

Third, FLC's argument is disposed of by *Dubray v. Intertribal Bison Coop.,* 192 P.3d 604, 607 (Colo.App.2008), a case decided after FLC's opening brief was filed. *Dubray* holds: (1) an award of attorney fees is appropriate under section 13–17–201 when the trial court dismisses an entire tort action pursuant to C.R.C.P. 12(b), (2) in determining whether the statute applies, the trial court should focus on the manner in which claims are pleaded, and (3) when the action contains a mix of contract and tort claims, fees may be awarded if the action is primarily a tort

action, as was the case in *Dubray*, where all but two of the claims were pleaded as torts.

FLC's reply brief does not respond to the Schein defendants' citation of *Dubray*. In this case, FLC pleaded four counts, three of which alleged torts under Colorado law. The dismissal of the entire action, even if the case included a claim not considered a "state tort claim," terminated what was primarily, if not entirely, a tort action. Thus, under *Dubray*, the trial court's C.R.C.P. 12(b) dismissal of this case triggered a mandatory fee award under section 13–17–201.

### D. CCPA Attorney Fees Provision

The CCPA provides for an award of attorney fees:

> Any person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorney fees as determined by the court.

§ 6–1–113(3).

FLC contends that insofar as the award of attorney fees pertains to the dismissal of its CCPA claims, section 13–17–201 conflicts with section 6–1–113. Relying on *Houdek v. Mobil Oil Corp.*, 879 P.2d 417 (Colo.App. 1994), FLC contends that section 6–1–113 governs any award of attorney fees relating to the CCPA claims because it is a more specific and more recently enacted statutory provision on attorney fees. FLC argues that, at a minimum, the trial court could not award the Schein defendants attorney fees attributable to defending against the CCPA claims under section 13–17–201. We disagree.

In *Houdek*, the court found a conflict between section 13–17–201, which contains no express exclusion for claims brought in good faith to establish a new rule of law in Colorado, and section 13–17–102(7), C.R.S.2008, which contains such an exclusion. Because it found that section 13–17–201 was the more recent and the more specific of the two statutes, it held that that statute governed the award of fees. 879 P.2d at 425.

We are guided, however, by the principle that "[t]wo statutes concerning the same subject are to be read together to the extent possible so as to give effect to legislative intent." *Peoples Natural Gas Div. v. Pub. Utils. Comm'n*, 698 P.2d 255, 263 (Colo.1985). The two attorney fees provisions in the instant case can be read together so as not to be in conflict. Accordingly, we need not reach the analysis under *Houdek* urged by FLC.

The statutes at issue in the instant case serve different purposes and can be applied without conflicting with each other. The purpose of section 13–17–201 is "to discourage the institution or maintenance of unnecessary tort claims." *Kennedy*, 148 P.3d at 388. The purpose of section 6–1–113 is to discourage claims under the CCPA that are groundless, made in bad faith, or brought for the purpose of harassment.

Unlike the situation in *Houdek*, where one statute described circumstances in which attorney fees *must* be awarded, and the other statute described circumstances where such fees *must not* be awarded, there is no inherent conflict here. Both of the statutes involved here describe circumstances in which attorney fees *must* be awarded. And, unlike the situation in *Golden's Concrete*, where one statute gave the court discretion to award attorney fees, while the other mandated that it do so, here both statutes mandate awards in different circumstances, neither statute taking away what the other gives.

The two statutes can stand side by side because they apply in two different sets of situations. Section 13–17–201 applies when a case is dismissed under one set of circumstances, namely, on a motion pursuant to C.R.C.P. 12(b); section 6–1–113(3) applies when a CCPA claim is terminated in favor of the defendant under a different set of circumstances, namely, when the CCPA claim is found to be groundless, made in bad faith, or brought for the purpose of harassment. To accept FLC's position would mean that section 6–1–113(3) is the only statute under which attorney fees could be awarded to a defendant in the event of a termination of a CCPA claim on a motion to dismiss. We do

not believe that is the intent of the General Assembly.

Section 6–1–113(3) requires a court to find that the CCPA action was "groundless and in bad faith, or [brought] for the purpose of harassment." Such findings are unlikely to be made when a CCPA case is dismissed at the C.R.C.P. 12(b) stage, and thus an award of attorney fees for a C.R.C.P. 12(b) dismissal would rarely occur in such a case. Moreover, a division of this court has upheld an award of attorney fees under section 13–17–201 where CCPA claims were dismissed pursuant to a C.R.C.P. 12(b) motion and without relying on the provisions of section 6–1–113(3). *See City of Aspen v. Kinder Morgan, Inc.,* 143 P.3d 1076, 1077 (Colo.App.2006).

Accordingly, we conclude that the trial court did not err in awarding attorney fees under section 13–17–201 in connection with the dismissal of FLC's CCPA claims.

### E. Ruling on C.R.C.P. 59 Motion

FLC argues that the trial court abused its discretion by failing to explain adequately its reasons for denying FLC's C.R.C.P. 59 motion. We perceive no abuse of discretion.

C.R.C.P. 52 provides in part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)." Under this provision, the trial court has no duty to make written findings of fact and conclusions of law. *Garrow v. Garrow,* 152 Colo. 480, 484, 382 P.2d 809, 811 (1963). A trial judge may deny a motion to amend his or her findings "by simply denying the motion, and if he [or she] believes that [the] findings and conclusions, already announced, are proper and sufficient, his [or her] denial of the motion without explanation is not error." *Eitel v. Alford,* 127 Colo. 341, 346, 257 P.2d 955, 958 (1953).

Here, the trial court held a hearing on the reasonableness of the Schein defendants' attorney fees, heard expert witness testimony from both parties, and issued a five-page written opinion that included findings of fact and conclusions of law. Thus, the record provides a sufficient basis for the court's ruling, and denial of the motion under C.R.C.P. 59 did not require additional findings or conclusions.

### IV. Attorney Fees on Appeal

Because the Schein defendants have successfully defended this appeal from an order awarding attorney fees under section 13–17–201, we award the reasonable attorney fees they have incurred on appeal. *See Wilson,* 126 P.3d at 284. We therefore remand this case to the trial court to determine the amount of reasonable attorney fees incurred in this appeal. *See C.A.R. 39.5.*

The orders are affirmed, and the case is remanded as directed.

Judge WEBB and Judge FURMAN concur.