The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 24, 2025

## 2025COA41

**No. 24CA0741, *Waugh v. Veith* — Damages — Civil Action for Deprivation of Rights — Reasonable Attorney Fees and Costs — Awards to Defendants for Claims the Court Finds Frivolous**

Under a newly enacted civil rights statute, "the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous." § 13-21-131(3), C.R.S. 2024. In this section 13-21-131 action, the district court awarded costs to the prevailing defendants without finding that any of the plaintiff's claims were frivolous. The court reasoned that section 13-21-131(3) did not limit the general rule that a prevailing defendant is entitled to recover reasonable costs under section 13-16-105, C.R.S. 2024, and C.R.C.P. 54(d), regardless of whether the plaintiff's claims are deemed frivolous. A division of the court of appeals disagrees. The division holds that subsection 13-21-131(3) controls and precludes the court from awarding costs to the

defendants without finding that the plaintiff's claims were frivolous. The division therefore reverses the portion of the court's order awarding costs to the defendants.

Court of Appeals No. 24CA0741
City and County of Denver District Court No. 22CV32396
Honorable Stephanie L. Scoville, Judge

Dale Waugh,

Plaintiff-Appellant,

v.

Daniel Veith and Steven Anderson,

Defendants-Appellees.

ORDER REVERSED IN PART

Division I
Opinion by JUDGE YUN
J. Jones and Brown, JJ., concur

Announced April 24, 2025

Ascend Counsel, LLC, Edward Milo Schwab, Denver, Colorado, for Plaintiff-Appellant

Thompson, Coe, Cousins & Irons, L.L.P., William T. O'Connell, III, Denver, Colorado, for Defendant-Appellee Daniel Veith

SGR, LLC, Eric M. Ziporin, Tiffany E. Toomey, Denver, Colorado, for Defendant-Appellee Steven Anderson

¶ 1    In this civil rights case brought under section 13-21-131, C.R.S. 2024, plaintiff, Dale Waugh, appeals the portion of the district court's order that awarded costs to defendants, Denver Police Department officers Daniel Veith and Steven Anderson (the officers).

¶ 2    Subsection (3) of section 13-21-131 provides that, "[w]hen a judgment is entered in favor of a defendant, the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous." Although the district court did not find any of Waugh's claims to be frivolous, it still awarded costs to the officers under section 13-16-105, C.R.S. 2024, and Rule 54(d), reasoning that subsection (3) did not limit recovery of costs to a prevailing defendant under that statute and rule. We disagree with the court's interpretation of these provisions. Instead, we hold that subsection (3) controls and precluded the court from awarding costs to the officers without finding that Waugh's claims were frivolous. Accordingly, we reverse the district court's award of costs to the officers.

## I.    Background

¶ 3     This case arises from a protest that took place in August 2020, during which the officers used force against Waugh.  Waugh filed suit against the officers, bringing claims under section 13-21-131 for excessive force, violations of free speech rights, and retaliation. The district court granted summary judgment in favor of the officers on Waugh's free speech and retaliation claims, and a jury returned a verdict for the officers on Waugh's excessive force claim.

¶ 4     After the district court entered judgment, the officers moved for an award of costs under section 13-16-105 and Rule 54(d).  The officers did not argue that any of Waugh's claims were frivolous. Waugh opposed the motions, arguing that, under subsection (3), the court could not award costs to a prevailing defendant in an action brought under section 13-21-131 without finding that the plaintiff's claims were frivolous.

¶ 5     The district court determined that nothing in subsection (3) precluded "recovery of costs pursuant to [section] 13-16-105 and/or Rule 54 by a defendant who is a prevailing party."  Accordingly, it awarded the officers $12,835.14 in costs against Waugh.

II. Analysis

¶ 6 Waugh argues on appeal that the district court erred by awarding costs to the officers without finding that any of his claims were frivolous. We agree.

A. Relevant Law and Standard of Review

¶ 7 Ordinarily, "[a] prevailing defendant may recover the reasonable and necessary costs it incurred in defending litigation." *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1186-87 (Colo. App. 2011). Section 13-16-105 provides that, except in circumstances not relevant here, a prevailing defendant "shall have judgment to recover his costs against the plaintiff." Likewise, Rule 54(d) provides that, "[e]xcept when express provision therefor is made either in a statute of this state or in these rules, reasonable costs shall be allowed as of course to the prevailing party."

¶ 8 Section 13-21-131 is a recently enacted civil rights statute that authorizes a private right of action against a peace officer "who, under color of law, subjects or causes to be subjected . . . any other person to the deprivation of any individual rights . . . secured by the bill of rights, article II of the state constitution." § 13-21-131(1). It contains the following provision concerning costs and attorney fees:

> In any action brought pursuant to this section, a court shall award reasonable attorney fees and costs to a prevailing plaintiff. . . . When a judgment is entered in favor of a defendant, the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous.

§ 13-21-131(3).

¶ 9 We generally review an award of costs for an abuse of discretion and will disturb the award only if it is manifestly arbitrary, unreasonable, or unfair. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). But we review de novo "any statutory interpretation or legal conclusion that provides a basis" for such an award. *Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 54 (quoting *US Fax L. Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 515 (Colo. App. 2009)) (*cert. granted* July 1, 2024).

¶ 10 Our primary goal in interpreting a statute is to give effect to the legislature's intent as reflected in the plain and ordinary meanings of the words and phrases used. *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12. We read the statute as a whole, giving consistent, harmonious, and sensible effect to all its parts. *Id.* And "we avoid constructions that would render any words or phrases superfluous or that would lead to illogical or absurd results."

*Elder v. Williams*, 2020 CO 88, ¶ 18.  These same principles apply to interpreting rules of civil procedure.  *Taylor v. HCA-HealthONE LLC*, 2018 COA 29, ¶ 19.

¶ 11     If statutory provisions appear to conflict, we strive to "interpret [the] conflicting statutes in a manner that harmonizes" them.  *City of Florence v. Pepper*, 145 P.3d 654, 657 (Colo. 2006).  In doing so, we may consider "other factors, such as legislative history, prior law, the consequences of a given construction of the statute, and the end to be achieved by the statute, to determine the meaning of a statute."  *Id.* (quoting *Martin v. People*, 27 P.3d 846, 851 (Colo. 2001)).

¶ 12     When the statutes cannot be harmonized, "[t]he General Assembly has prescribed two rules for deciding which of two irreconcilable statutes governs."  *Jenkins v. Pan. Canal Ry. Co.*, 208 P.3d 238, 241 (Colo. 2009).  First, the more specific provision prevails.  *Id.*; § 2-4-205, C.R.S. 2024.  And second, the statute with the more recent effective date prevails.  *Jenkins*, 208 P.3d at 242; § 2-4-206, C.R.S. 2024.

## B. Discussion

¶ 13    In interpreting subsection (3), the district court concluded that the legislature did not intend to limit awards of defense costs to cases in which the plaintiff's claims are found to be frivolous.  As the court correctly noted, nothing in section 13-21-131 explicitly "state[s] that a trial court may award costs to a prevailing [defendant] *only* if the action was frivolous" or that "statutes and rules otherwise providing for the recovery of costs to a prevailing [defendant] do not apply to this class of cases."  Rather, it concluded, subsection (3) grants discretion to the district court by providing that it "*may* award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous." § 13-21-131(3) (emphasis added).  Accordingly, the court determined that there was no conflict between subsection (3) and the general rule that allows prevailing defendants to recover reasonable costs under section 13-16-105 and Rule 54(d), regardless of whether any of the plaintiff's claims are deemed frivolous.

¶ 14    As an initial matter, subsection (3) is an "express provision" for the award of costs and, thus, an exception to the general rule

that costs shall be awarded to the prevailing party under Rule 54(d). C.R.C.P. 54(d) ("[R]easonable costs shall be allowed as of course to the prevailing party" "[e]xcept when express provision therefor is made . . . in a statute of this state."). There is therefore no conflict between subsection (3) and Rule 54(d). For three reasons, however, we cannot agree with the district court that there is no conflict between subsection (3) and section 13-16-105.

¶ 15     First, the district court's interpretation would render the costs provision in subsection (3) superfluous. We disagree with the court's interpretation that because subsection (3) gives a court discretion to award defense costs, it does not conflict with section 13-16-105. True, the word "may" does constitute a grant of discretion. *In re Marriage of Young*, 2021 COA 96, ¶ 14 ("The word may 'is generally indicative of a grant of discretion or choice among alternatives.'" (quoting *AA Wholesale Storage, LLC v. Swinyard*, 2021 COA 46, ¶ 29)). But subsection (3) conditions the exercise of that discretion on a finding that the plaintiff's claims are frivolous. A court could thus decline to award costs and fees *even if* it made a finding of frivolousness — but it cannot award costs and fees in the absence of such a finding.

¶ 16    If a district court in a section 13-21-131 case retains its authority under section 13-16-105 to award costs to prevailing defendants regardless of whether the plaintiff's claims are deemed frivolous, then the legislature's statement in subsection (3) that "the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous" would add nothing to the general rule.  By permitting defendants to recover costs in the absence of a finding that claims brought under section 13-21-131 are frivolous, the district court's interpretation effectively reads the "frivolous" standard out of the statute and renders the entire provision for defense costs meaningless.  Such an interpretation is "contrary to the requirement that statutes be construed if possible to give effect to every word" and avoid rendering any words or phrases superfluous.  *Colo. Motor Vehicle Dealer Bd. v. Brinker*, 39 P.3d 1269, 1272 (Colo. App. 2001); *Elder*, ¶ 18.

¶ 17    Second, the Colorado Supreme Court has interpreted a similar provision in another statute as restricting the award of defense costs to cases in which the plaintiff's claims are found to be frivolous.  The Job Protection and Civil Rights Enforcement Act of

2013, section 24-34-405, C.R.S. 2024, of the Colorado Anti-Discrimination Act (CADA) authorizes a cause of action for employees who have been subjected to unfair or discriminatory employment practices. Concerning costs and attorney fees, CADA provides that

> the court may award reasonable attorney fees and costs to the prevailing plaintiff. If the court finds that an action or defense brought pursuant to this [statute] was frivolous, groundless, or vexatious . . . , the court may award costs and attorney fees to the defendant in the action.

§ 24-34-405(5). Importantly, this subsection, like subsection (3), does not explicitly say that the court may award costs to a prevailing defendant *only* if the court finds that the plaintiff's claims were frivolous, groundless, or vexatious. But the supreme court nevertheless interpreted it as "authoriz[ing] a court to award attorney fees to *all* prevailing plaintiffs *but restrict[ing] awards of defense fees and costs* to cases in which the plaintiff's claims are found to be frivolous, groundless, or vexatious." *Elder*, ¶ 26 (second emphasis added). The court explained that the provision "effectively creates a mechanism by which claimants act as private attorneys general, seeking to vindicate the rights secured by CADA" and that

9

CADA claims are "designed to implement the broad policy of eliminating intentional discriminatory or unfair employment practices, rather than to compensate an individual for personal injuries." *Id.* at ¶¶ 26-27.

¶ 18 Section 13-21-131 has a comparable goal. A division of this court has observed that section 13-21-131 is similar to 42 U.S.C. § 1983. *Woodall v. Godfrey*, 2024 COA 42, ¶ 13; *see also* Hearings on S.B. 217 before the H. Fin. Comm., 72d Gen. Assemb., 2d Reg. Sess. (June 10, 2020) (statement of Rep. Serena Gonzales-Gutierrez explaining that one intent of the bill was to "provide civil rights enforcement by individuals"). And the United States Supreme Court has recognized that § 1983 and the fees provision in 42 U.S.C. § 1988 create a mechanism by which claimants act as private attorneys general to vindicate the federal civil rights policies. *Fox v. Vice*, 563 U.S. 826, 832-33 (2011). That section 13-21-131 has a similar purpose as CADA supports our conclusion that subsection (3) likewise restricts the award of defense costs and fees to cases in which the plaintiff's claims are found to be frivolous.

¶ 19 Third, the legislative history of section 13-21-131 supports our conclusion that subsection (3), not section 13-16-105, provides the

10

avenue for recovery of fees and costs by a prevailing defendant in a section 13-21-131 action. *See City of Florence*, 145 P.3d at 657 (when statutory provisions appear to conflict, we may consider legislative history to determine the meaning of a statute). During a hearing before the House Finance Committee, Representative Matt Soper questioned two legal experts about the provision that would become subsection (3). Representative Soper noted that "the court may award [attorney fees] to a defendant if the court finds that it's a frivolous suit" and expressed concern that prevailing police officers "would not be awarded attorney's fees" for defending nonfrivolous suits. Hearings on S.B. 217 before the H. Fin. Comm., 72d Gen. Assemb., 2d Reg. Sess. (June 10, 2020). One of the experts explained that the risk of having to pay the defendant's attorney fees "would make it really impossible for . . . a victim of police brutality to ever bring forward a claim" and that, "from a practical perspective," a police officer's legal fees would almost always be paid by their department or union. *Id.* "So, just to be clear," Representative Soper confirmed, "if [a suit] was not determined to be frivolous, they wouldn't be able to have attorney's fees." *Id.* While this discussion focused on attorney fees and did not mention

costs, it makes clear that the legislature understood the provision that "the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous," § 13-21-131(3), to mean that the court could not award such costs and fees unless the plaintiff's claims were found to be frivolous.

¶ 20  Having concluded that subsection (3) conflicts with section 13-16-105's mandate that costs be awarded to a prevailing defendant, we turn to which statute applies to actions brought under section 13-21-131.  Because subsection (3) is part of a more specific and recent statute than section 13-16-105, we conclude that subsection (3) controls the award of defense costs in actions brought under section 13-21-131.  *See Jenkins*, 208 P.3d at 241.

¶ 21  In sum, we conclude that the district court erred by determining that it could award the officers their costs under section 13-16-105 and Rule 54(d).  Subsection (3) controls the award of costs in this case.[1]

---

[1] To the extent the officers contend that we should remand this case to the district court for a determination of frivolousness, we reject that contention.  The officers did not argue in their motion for an award of costs that any of Waugh's claims were frivolous, and they may not do so now.

### III.  Disposition

¶ 22    The portion of the district court's order awarding $12,835.14 in costs against Waugh is reversed.

JUDGE J. JONES and JUDGE BROWN concur.