ROBIN PICCIOTTO, Plaintiff-Appellant, v. RGB RIVERBOAT, d/b/a Grand Victoria Casino, Elgin, *et al.*, Defendants-Appellees.

Second District    No. 2—00—0425

Opinion filed July 30, 2001.

Robert Schey and R. Mark Maritote, both of Robert Schey & Associates, of Chicago, for appellant.

Steven B. Belgrade, John A. O'Donnell, and Patrick J. Cullinan, all of Belgrade & O'Donnell, P.C., of Chicago, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Robin Piccioto, appeals from the trial court's judgment granting the motion to dismiss of defendants, RGB Riverboat, d/b/a Grand Victoria Casino, Elgin; Elgin Riverboat Resort, d/b/a Grand Victoria Casino, Elgin; and Gold Strike, Inc., based upon the statute of limitations. We affirm.

The record indicates that on January 15, 1997, plaintiff filed a complaint against defendants, her former employers, seeking damages for an injury plaintiff suffered on January 16, 1995, while working as a crew member on defendants' vessel. Plaintiff sought damages for claims under the Jones Act (46 U.S.C. § 688 (1982)) for negligence, maintenance, cure, unearned pay, and the failure to provide a seaworthy vessel. On May 4, 1999, the trial court granted summary judgment

in favor of defendants on plaintiff's negligence claim under the Jones Act. On May 14, 1999, over defendants' objection, plaintiff voluntarily dismissed her remaining claims.

On September 27, 1999, plaintiff refiled her complaint. Defendants filed a motion to dismiss the refiled complaint. On March 30, 2000, the trial court granted defendants' motion to dismiss, finding that plaintiff's claims were barred by section 763(a) of the Jones Act (42 U.S.C. § 763(a) (1982)), which imposes a three-year statute of limitations, and that her negligence claim was also barred by *res judicata*. Plaintiff timely appealed.

●1 The issue on appeal is whether Illinois' "saving" statute, section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1994)), extends the period of limitations imposed under section 763(a) of the Jones Act (42 U.S.C. § 763(a) (1982)). Section 763(a) contains a three-year statute of limitations. 42 U.S.C. § 763(a) (1982). Plaintiff's complaint was refiled more than 20 months after the statutory period had expired. Section 13—217 of the Code of Civil Procedure permits a plaintiff to refile an action that has been previously voluntarily dismissed within the remaining period of limitations or within one year from the date of dismissal whether or not the time limitation for bringing such an action has expired. 735 ILCS 5/13—217 (West 1994).

●2 The Appellate Court, First District, has recognized that Congress enacted section 763(a) of the Jones Act to provide a uniform statute of limitations for all maritime torts. *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1053 (1996). The three-year limitations period set forth in section 763(a) applies to claims under the Jones Act, and section 13—217 of the Code of Civil Procedure does not toll the federal statute of limitations when a plaintiff files a claim that is later voluntarily dismissed. See *Ciers*, 285 Ill. App. 3d at 1053; *Stephan v. Selvic Marine Towing Co.*, 201 Ill. App. 3d 554, 559 (1990). In *Stephan*, the First District held that section 13—217 of the Code of Civil Procedure is inapplicable in Jones Act cases because the application of a state time limitation to a federal cause of action is not proper when Congress has provided a time limitation for that cause of action. The decisions in both *Ciers* and *Stephan* relied on *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 433, 13 L. Ed. 2d 941, 948, 85 S. Ct. 1050, 1057 (1965), wherein the Supreme Court stated that the incorporation of state "saving" statutes would defeat the aim of national uniformity served by the Federal Employers' Liability Act's (45 U.S.C. § 56 (1988)) limitation provision.

Plaintiff acknowledges the holdings of the First District in *Ciers* and *Stephan* but invites this court to depart from those holdings. We believe that the First District's reasoning in *Ciers* and *Stephan* is

sound. Consequently, we determine that section 13—217 of the Code of Civil Procedure is inapplicable to plaintiff's cause of action under the Jones Act.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON, P.J., and GROMETER, J., concur.