# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Wellington Homes, Inc. v. West Dundee China Palace Restaurant, Inc.,**
**2013 IL App (2d) 120740**

---

| | |
|---|---|
| Appellate Court Caption | WELLINGTON HOMES, INC., Individually and as the Representative of a Class of Similarly Situated Persons, Plaintiff-Appellee, v. WEST DUNDEE CHINA PALACE RESTAURANT, INC., AHMAD AZMI, and TEHMINA AZMI, Defendants-Appellants. |
| District & No. | Second District<br>Docket No. 2-12-0740 |
| Filed | February 4, 2013 |
| Rehearing denied | March 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Private claims filed under the federal Telephone Consumer Protection Act in Illinois state courts are subject to the four-year federal catchall statute of limitations, not the Illinois two-year limitations period for a statutory penalty. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-CH-1577; the Hon. Mitchell L. Hoffman, Judge, presiding. |
| Judgment | Certified questions answered. |

| Counsel on Appeal | Edward K. Grasse and Christopher D. Willis, both of Busse, Busse & Grasse, P.C., of Chicago, for appellants. |
| | |
| | Brian J. Wanca and David M. Oppenheim, both of Anderson & Wanca, of Rolling Meadows, James A. Bock, Robert M. Hatch, and James M. Smith, all of Bock & Hatch, LLC, of Chicago, for appellee |

| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. |
| | Presiding Justice Burke and Justice Hudson concurred in the judgment and opinion. |

# OPINION

¶ 1      The federal Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 (2006)) prohibits, among other things, the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C) (2006). In addition to permitting state attorneys general and the Federal Communications Commission to pursue civil actions in federal district court for violations of the statute (47 U.S.C. § 227(f)(1), (f)(2), (f)(3) (2006)), the TCPA permits individuals to bring private actions seeking statutory damages of $500 per violation of the statute, in either state court or federal district court (47 U.S.C. § 227(b)(3), (c)(5) (2006); *Mims v. Arrow Financial Services, LLC*, 565 U.S. ___, ___, 132 S. Ct. 740, 747 (2012)). Congress, which enacted the TCPA in 1991, previously had enacted a statute providing that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990,] may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a) (2006). Relevant to this appeal, section 13-202 of the Illinois Code of Civil Procedure (Code) provides: "Actions *** for a statutory penalty *** shall be commenced within 2 years next after the cause of action accrued ***." 735 ILCS 5/13-202 (West 2006).

¶ 2      This interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) involves two certified questions: (1) "Does Illinois' two-year limitations period for a statutory penalty *** apply to TCPA claims brought in Illinois state courts seeking statutory damages pursuant to [section 227(b)(3) of the TCPA?]" and (2) "If not, what limitations period applies to TCPA claims brought in Illinois state courts?" We answer the first certified question in the negative. As to the second certified question, we conclude that the four-year federal catchall statute of limitations codified at 28 U.S.C. § 1658(a) applies to private TCPA claims filed in Illinois state courts.

¶ 3                                             BACKGROUND

¶ 4          On March 31, 2009, plaintiff, Wellington Homes, Inc., an Illinois corporation with its principal place of business in Lake County, filed in the circuit court of Lake County a class action complaint individually and on behalf of a class of individuals who, "[o]n or about May 16, 2006," received an unsolicited one-page fax advertising China Palace, a restaurant located in West Dundee, Illinois, and owned by defendant, West Dundee China Palace Restaurant, Inc. Count I of the complaint alleged that the transmissions violated the TCPA and, pursuant to section 227(b)(3) of the TCPA, triggered statutory damages of $500 per transmission. Count II alleged common-law conversion. Count III alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2006)). Plaintiff's third amended complaint, filed November 18, 2010, also named as defendants Ahmad Azmi and Tehmina Azmi, who allegedly were the "officers, directors, shareholders and control persons" of West Dundee China Palace Restaurant, Inc.

¶ 5          On January 14, 2011, the court certified a class consisting of all persons who received an unsolicited fax advertising China Palace in May 2006. By October 2011, defendants had not appeared, despite having being served. On October 11, 2011, on plaintiff's motion, the court entered summary judgment in favor of plaintiff and against defendants in the amount of $2,440,196. The court calculated the amount of the judgment based on 3,842 unsolicited fax transmissions at $500 per occurrence, plus prejudgment interest of $519,196. Shortly thereafter, defendants filed an appearance and, pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2010)), moved to vacate the October 11, 2011, order. Counsel for defendants stated in the motion that defendants' insurer had filed a declaratory judgment action seeking a declaration that it had no duty to defend against the instant litigation. However, the declaratory judgment action had been resolved with a finding that defendants' insurer did have a duty to defend. On January 26, 2012, the court granted defendants' motion to vacate and gave defendants 28 days to answer or otherwise plead.

¶ 6          Defendants timely filed a combined motion to dismiss plaintiff's third amended complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2010)). Relevant to the issue raised on appeal, defendants sought dismissal of count I of the complaint pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2010)), because, defendants contended, plaintiff's TCPA claim was barred by Illinois's two-year statute of limitations for actions for statutory penalties. Plaintiff argued in response that its TCPA claim was subject to the four-year federal catchall statute of limitations codified at 28 U.S.C. § 1658(a).

¶ 7          On April 24, 2012, the trial court denied defendants' motion to dismiss. On June 28, 2012, the trial court entered an agreed order certifying the two questions set forth above for interlocutory appeal pursuant to Illinois Supreme Court Rule 308, and this court subsequently allowed the appeal.


¶ 8                                              ANALYSIS

¶ 9          Section 227(b)(3) of the TCPA, entitled "Private right of action," provides:

                    "A person or entity may, *if otherwise permitted by the laws or rules of court of a*

*State*, bring in an appropriate court of that State–

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." (Emphasis added.) 47 U.S.C. § 227(b)(3) (2006).

¶ 10    The proper interpretation of the statutory language "if otherwise permitted by the laws or rules of court of a State" has been the subject of extensive debate in both federal and state courts across the country. Until the United States Supreme Court resolved the issue in *Mims*, a split existed among the federal courts of appeals as to whether private TCPA claims could be brought in federal district court, or whether the statutory language meant that state courts had exclusive jurisdiction over such claims. *Mims*, 565 U.S. at ___, 132 S. Ct. at 747. In *Mims*, the Supreme Court resolved the split by concluding that state and federal courts have concurrent jurisdiction over such actions. *Mims*, 565 U.S. at ___, 132 S. Ct. at 747. Additionally, at least one state court has interpreted the statutory language to mean that individuals cannot bring private actions under the TCPA in state court unless the state "opts in" by passing legislation permitting such actions. *The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 716 (Tex. 2006).

¶ 11    In *Italia Foods, Inc. v. Sun Tours, Inc.*, 2011 IL 110350, our supreme court addressed the issue of how to properly interpret the statutory language. The court outlined three possible approaches, including the "opt in" approach, the "opt out" approach, and the "acknowledgment" approach. *Italia Foods*, 2011 IL 110350, ¶¶ 20, 29, 35. The court rejected the "opt in" approach–adopted by the Texas Supreme Court (*The Chair King*, 184 S.W.3d at 716)–because the approach " 'runs afoul' " of the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2). *Italia Foods*, 2011 IL 110350, ¶ 29 (quoting *Condon v. Office Depot, Inc.*, 855 So. 2d 644, 647 (Fla. Dist. Ct. App. 2003)). The court did not discuss the merits of the "opt out" approach, which would interpret the statutory language as permitting states to pass legislation that specifically would prohibit TCPA claims in state courts, because none of the parties argued for that approach. *Italia Foods*, 2011 IL 110350, ¶ 36. Ultimately, the court adopted the "acknowledgment" approach, which interprets the statutory language "if otherwise permitted by the laws or rules of court of a State" as simply an acknowledgment of well-established supremacy clause jurisprudence. *Italia Foods*, 2011 IL 110350, ¶¶ 21, 25. The chosen approach "acknowledge[s] that states have the right to structure their own court systems; that neutral state laws and court rules concerning state

-4-

court jurisdiction and procedure[1] apply to TCPA claims; and that state courts are not obligated to change their procedural rules to accommodate TCPA claims." *Italia Foods*, 2011 IL 110350, ¶ 20.

¶ 12     With this background in place, we can now address the parties' arguments regarding which statute of limitations applies to TCPA claims brought in Illinois state courts. Defendants contend that the key issue before us is "[d]efining the precise limits" of the statutory language "if otherwise permitted by the laws or rules of court of a State." Defendants argue that our supreme court's adoption of the "acknowledgment" approach to interpreting this statutory language "ends the inquiry" and "commands" application of Illinois's two-year statute of limitations for actions for statutory penalties. In support of this argument, defendants contend that state statutes of limitations qualify as neutral procedural rules and "thus [are] applicable to federal claims brought in state court."

¶ 13     Defendants also cite the following statement by the Supreme Court in *Mims*: "[B]y providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State' [citation], Congress arguably gave States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA]' [citation]." *Mims*, 565 U.S. at ___, 132 S. Ct. at 751. Defendants contend that this statement suggests that the Supreme Court would favor the "opt out" approach to interpreting the TCPA's "if otherwise permitted" language, which, according to defendants, would further support applying the Illinois statute of limitations.

¶ 14     Finally, defendants cite the rule that, "[w]here a federal statute fails to specify a limitations period for suits under it, 'courts apply the most closely analogous statute of limitations under state law.' " *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 316 (2007) (quoting *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983)). Defendants assert that this rule applies here, because the TCPA is silent as to the applicable limitations period. Moreover, defendants argue, this rule should apply because Congress clearly did not intend for the four-year federal catchall statute of limitations to apply to TCPA claims.

---

[1]As the court in *Italia Foods* further explained, a state's authority to refuse to hear a federal claim on the basis of a neutral state law or rule of court is " 'bottomed deeply in belief in the importance of state control of state judicial procedure.' " (Internal quotation marks omitted.) *Italia Foods*, 2011 IL 110350, ¶ 24 (quoting *Howlett v. Rose*, 496 U.S. 356, 372 (1990)). This authority reflects the general principles that states " 'have great latitude to establish the structure and jurisdiction of their own courts' " and that " 'federal law takes the state courts as it finds them.' " (Internal quotation marks omitted.) *Italia Foods*, 2011 IL 110350, ¶ 24 (quoting *Howlett*, 496 U.S. at 372). However, a state's authority to refuse to hear a federal claim on the basis of a neutral state law or rule of court does not permit "state courts to disassociate themselves from federal law because they disagree with its substance or because they refuse to recognize the superior authority of federal law." *Italia Foods*, 2011 IL 110350, ¶ 23. Rather, "state courts must remain open to litigants with federal causes of action 'on the same basis that they are open to litigants with causes of action springing from a different source.' " (Internal quotation marks omitted.) *Italia Foods*, 2011 IL 110350, ¶ 23 (quoting *Howlett*, 496 U.S. at 372).

¶ 15 Plaintiff, by contrast, maintains that the four-year federal catchall statute of limitations applies to TCPA claims brought in Illinois state courts. Plaintiff argues that, while a state statute of limitations might be considered procedural in the context of a choice-of-law analysis involving conflicting state laws, it is not considered procedural in the context of supremacy clause jurisprudence. Therefore, plaintiff contends, our supreme court's adoption of the "acknowledgment" approach does not require application of Illinois's two-year statute of limitations for actions for statutory penalties.

¶ 16 Plaintiff also rejects defendants' reading of *Mims*. According to plaintiff, that the Supreme Court in *Mims* held that TCPA claims are federal actions that can be brought in or removed to federal district court supports the conclusion that Congress intended for the federal catchall statute of limitations to apply to TCPA claims, even when filed in state court.

¶ 17 Finally, plaintiff contends that the rule that state statutes of limitations apply where federal statutes are silent in that regard is inapplicable here. Plaintiff argues that the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), requires application of the federal catchall statute of limitations to all actions arising under federal statutes enacted after December 1, 1990, unless there is an unambiguous direction to the contrary. According to plaintiff, the phrase "if otherwise permitted by the laws or rules of court of a State" is not an unambiguous direction to refrain from applying the federal catchall statute of limitations to TCPA claims.

¶ 18 Our standard of review in appeals involving certified questions is *de novo*. *Italia Foods*, 2011 IL 110350, ¶ 9. Additionally, addressing defendants' arguments requires us to decide which statute of limitations applies to private TCPA claims and to interpret language contained in the TCPA, both of which involve questions of law ordinarily reviewed *de novo*. See *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 23 (reviewing *de novo* an issue of statutory construction); *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008) (reviewing *de novo* a statute-of-limitations issue).

¶ 19 In interpreting a federal statute, " '[o]ur task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.' " (Internal quotation marks omitted.) *Italia Foods*, 2011 IL 110350, ¶ 12 (quoting *Negonsott v. Samuels*, 507 U.S. 99, 104 (1993)). "[A] court must not focus exclusively on a single sentence or phrase, but must view the statute as a whole." *Italia Foods*, 2011 IL 110350, ¶ 12. The language of a statute usually is the best indicator of legislative intent. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 258 (2005). Where a statute is susceptible to more than one interpretation, courts must construe the statute, always keeping in mind the "paramount" concern of legislative intent. *In re Application of the County Treasurer*, 214 Ill. 2d at 259. In doing so, "[t]he court may consider the reason for the law, the problems sought to be remedied, and the purposes to be achieved." *Italia Foods*, 2011 IL 110350, ¶ 12. A "literal and confined construction of a statute" should always yield to an interpretation that gives effect to the "spirit and intent of the legislature" and that avoids "absurdity, inconvenience, or injustice." *In re Application of the County Treasurer*, 214 Ill. 2d at 259.

¶ 20 First, we reject defendants' assertion that our supreme court's adoption of the

"acknowledgment" approach to interpreting the statutory language "if otherwise permitted by the laws or rules of court of a State" somehow "ends the inquiry" and "commands" application of the Illinois two-year statute of limitations for actions for statutory penalties. As we stated above, our supreme court interpreted the statutory language as simply an acknowledgment of well-established supremacy clause jurisprudence. *Italia Foods*, 2011 IL 110350, ¶ 25. Under the supremacy clause, state courts have an obligation to enforce federal law. *Italia Foods*, 2011 IL 110350, ¶ 22. " 'Federal law is enforceable in state courts not because Congress has determined that federal courts would otherwise be burdened or that state courts might provide a more convenient forum[,] *** but because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature.' " *Italia Foods*, 2011 IL 110350, ¶ 22 (quoting *Howlett*, 496 U.S. at 367). Thus, "absent a valid excuse, a state court may not deny a federal right when the parties and the controversy are properly before it." *Italia Foods*, 2011 IL 110350, ¶ 23. "An excuse that is inconsistent with or violates federal law is not a valid excuse ***." *Howlett*, 496 U.S. at 371. This is because " 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.' " *Felder v. Casey*, 487 U.S. 131, 138 (1988) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)).

¶ 21    Generally, a state court may refuse to hear a federal claim only if the claim is barred by " 'a neutral state rule regarding the administration of the courts,' " and even then only if the neutral state rule is not preempted by federal law. *Italia Foods*, 2011 IL 110350, ¶ 24 (quoting *Howlett*, 496 U.S. at 372). The Supreme Court in *Howlett* provided three examples of dismissals based on appropriate neutral state rules: (1) where neither the plaintiff nor the defendant resided in the forum state (*Howlett*, 496 U.S. at 374 (citing *Douglas v. New York, N.H. & H.R. Co.*, 279 U.S. 377 (1929))); (2) where the claim arose outside of the forum state (*Howlett*, 496 U.S. at 374-75 (citing *Herb v. Pitcairn*, 324 U.S. 117 (1945))); and (3) where the claim was subject to dismissal based upon application of the doctrine of *forum non conveniens* (*Howlett*, 496 U.S. at 375 (citing *Missouri ex rel. Southern Ry. Co. v. Mayfield*, 340 U.S. 1 (1950))).

¶ 22    Contrary to defendants' position, for purposes of supremacy clause jurisprudence, federal limitations periods generally are considered components of federal law that must be followed when entertaining federal causes of action. See *McAllister v. Magnolia Petroleum Co.*, 357 U.S. 221, 224 (1958) ("[W]e simply hold that where an action for unseaworthiness is combined with an action under the Jones Act [(46 U.S.C. § 688 (1946))] a court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter. We think this is so whether the action is at law or in admiralty, in the state or the federal courts."); *Engel v. Davenport*, 271 U.S. 33, 38-39 (1926) (holding that the two-year statute of limitations contained in the federal Employer's Liability Act [(35 Stat. 65 (1908))] and incorporated by reference into the federal Merchant Marine Act [(41 Stat. 988 (1920))] applied to a claim brought under the Merchant Marine Act in state court); *Mitchell v. Clark*, 110 U.S. 633, 641 (1884) (holding that federal limitations period applied to federal action commenced in state court, reasoning, "The suit being one which, under the act of congress, could be removed into the courts of the United States, congress could certainly prescribe for it the law of limitations for those courts. *** Otherwise there would be two rules of

limitation of actions in different courts holding pleas of the same cause."); Annotation, *Conflict Between Federal and State Statutes of Limitations*, 82 A.L.R. 808 (1933) ("In practically all cases where the question was given a thorough consideration, the decision has been that, where there is a conflict between a Federal and state statute of limitations, the former will control and govern the action to the exclusion of the latter."); see also *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitations is definitive."). Thus, state statutes of limitations generally do not fall under the category of "neutral state rule[s] regarding the administration of the courts." The only exceptions are (1) where Congress has not designated a limitations period (*Mydlach*, 226 Ill. 2d at 316 ("Where a federal statute fails to specify a limitations period for suits under it, 'courts apply the most closely analogous statute of limitations under state law.' " (quoting *DelCostello*, 462 U.S. at 158))), and (2) where Congress has expressly directed otherwise (see *DelCostello*, 462 U.S. at 158 n.12 ("In some instances, of course, there may be some direct indication in the legislative history suggesting that Congress did in fact intend that state statutes should apply.")).

¶ 23 One reason underlying the application of federal limitations periods to federal causes of action is the interest in the uniform application of federal law. See *Engel*, 271 U.S. at 39 (reasoning that Congress, by specifying a limitations period, did not intend "to permit the uniform operation of the Merchant Marine Act to be destroyed by the varying provisions of the State statutes of limitation"); see also *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 433 (1965) (declining to allow a state saving statute to apply to an action brought under Federal Employers' Liability Act, because doing so "would defeat the aim of a federal limitation provision designed to produce national uniformity"); *Stephan v. Selvic Marine Towing Co.*, 201 Ill. App. 3d 554, 559 (1990) (holding that, under *Burnett*, the Illinois saving statute is not applicable to a federal Jones Act claim filed in Illinois state court).

¶ 24 We also point out that Illinois state courts routinely enforce federal limitations periods when hearing federal causes of action under statutes that contain time limitations. See, *e.g.*, *Axe v. Norfolk Southern Ry. Co.*, 2012 IL App (5th) 110277, ¶ 1 (applying federal limitations period to claim under Federal Employers' Liability Act (citing 45 U.S.C. § 56 (2006))); *Picciotto v. RGB Riverboat*, 323 Ill. App. 3d 708, 709-10 (2001) (applying federal limitations period to claim under federal Jones Act (citing 46 U.S.C. § 763(a) (1982))); *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1052 (1996) (same); *Bartoszewski v. Village of Fox Lake*, 269 Ill. App. 3d 978, 981 (1995) (applying federal limitations period to claim under the Federal Fair Labor Standards Act (citing 29 U.S.C. § 255(a) (1988))); *Zelenka v. City of Chicago*, 152 Ill. App. 3d 706, 710 (1987) (applying federal limitations period to claim under National Labor Relations Act (citing 29 U.S.C. § 160(b) (1982))).

¶ 25 Defendants' reliance on the following language from *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 351 (2002), is inapposite: "Statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights." As plaintiff correctly points out, the characterization of a statute of limitations as procedural or substantive greatly varies depending upon the context of the analysis. See *Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988) (explaining that there

is not "an equivalence between what is substantive under the *Erie* doctrine [(*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))] and what is substantive for purposes of conflict of laws," because the meanings of the terms "substance" and "procedure" depend upon the "particular context" and the "purposes for which the dichotomy is drawn"). The court in *Belleville Toyota* stated the above rule of law in the context of a choice-of-law analysis involving California and Illinois law. *Belleville Toyota*, 199 Ill. 2d at 351. Thus, the *Belleville Toyota* court's statement has no bearing on the issue of whether a statute of limitations is considered procedural or substantive in the context of a state court enforcing federal law pursuant to the supremacy clause.

¶ 26    We next address defendants' argument that a statement by the Supreme Court in *Mims* suggests that the Court would favor the "opt out" approach to interpreting the TCPA's "if otherwise permitted" language, which, according to defendants, would support applying the shorter Illinois statute of limitations to TCPA claims. In *Mims*, the Court stated: "[B]y providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State' [citation], Congress arguably gave States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA]' [citation]." *Mims*, 565 U.S. at ___, 132 S. Ct. at 751.

¶ 27    Initially, we point out that, even if the quoted language from *Mims* were a definitive endorsement of the "opt out" approach, we would disagree with defendants that this would require application of the shorter Illinois statute of limitations to private TCPA claims. As stated above, the "opt out" approach interprets the "if otherwise permitted" language as permitting states to pass legislation that specifically would prohibit private TCPA claims in state courts. *Italia Foods*, 2011 IL 110350, ¶ 35. Even were we to follow this approach, we would not consider the Illinois two-year statute of limitations for actions for statutory penalties, which went into effect on July 1, 1982 (see Pub. Act 82-280 (eff. July 1, 1982) (adding section 13-202 to the Code)), to be directed specifically at the TCPA, which was enacted in 1991 (see Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394). In other words, Illinois did not "opt out" of the TCPA by enacting a statute of limitations in 1982.

¶ 28    However, the language from *Mims* quoted by defendants is by no means a definitive endorsement of the "opt out" approach. The Court stated that "Congress *arguably* gave States leeway they would otherwise lack." (Emphasis added.) *Mims*, 565 U.S. at ___, 132 S. Ct. at 751. In a footnote, the Court explained that, because the supremacy clause requires states to enforce federal law, "[w]ithout the 'if otherwise permitted' language, [citation], there is little doubt that state courts would be obliged to hear TCPA claims." *Mims*, 565 U.S. at ___ n.12, 132 S. Ct. at 751 n.12. The Court was not engaging in a full analysis of the proper interpretation of the statutory language.

¶ 29    Moreover, the language defendants quote from *Mims* appears in the context of the Supreme Court addressing the argument that Congress intended for states to have exclusive jurisdiction over private TCPA claims. *Mims*, 565 U.S. at ___, 132 S. Ct. at 750-51. In this context, the Court simply was pointing out that, far from making state court jurisdiction exclusive, Congress arguably was giving states the opportunity to reject jurisdiction over TCPA claims. *Mims*, 565 U.S. at ___, 132 S. Ct. at 751. The issue before the Court was not

whether states could in fact "opt out" of the TCPA if they so chose.

¶ 30    Finally, we agree with plaintiff that, on the whole, the Court's decision in *Mims* supports the conclusion that the federal catchall statute of limitations should apply to private TCPA claims. Prior to the Court's decision in *Mims*, several federal courts of appeals, including the Eleventh Circuit, which was the lower appeals court in *Mims*, had held that state courts had exclusive jurisdiction over private TCPA claims. See *Mims*, 565 U.S. at ___, 132 S. Ct. at 747 (collecting cases). At least one court of appeals had gone so far as to interpret the TCPA as the " 'functional equivalent of a state law.' " *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 592 (2d Cir. 2011) (quoting *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 342 (2d Cir. 2006)), *vacated*, ___ U.S. ___, 133 S. Ct. 159 (2012).[2] In *Mims*, the Court rejected the reasoning of these cases, concluding that "[b]eyond doubt, the TCPA is a federal law that both creates the claim Mims has brought and supplies the substantive rules that will govern the case." *Mims*, 565 U.S. at ___, 132 S. Ct. at 744-45. Thus, the Court concluded, as with any other federal law, federal district courts have federal question jurisdiction pursuant to 28 U.S.C. § 1331 to hear private TCPA claims. *Mims*, 565 U.S. at ___, 132 S. Ct. at 748. The Court's determination that the TCPA is "[b]eyond doubt" a federal law that is treated the same as any other federal law for purposes of federal question jurisdiction (*Mims*, 565 U.S. at ___, ___, 132 S. Ct. at 744-45, 748), supports the conclusion that, as with any federal law enforced in state court pursuant to the supremacy clause, a federal limitations provision provided by Congress must be applied, absent an unambiguous direction to the contrary (see *DelCostello*, 462 U.S. at 158 n.12; *Holmberg*, 327 U.S. at 395; *Engel*, 271 U.S. at 38-39).

¶ 31    Finally, we address defendants' argument that, because the TCPA is silent as to an applicable limitations period, and because the four-year federal catchall statute of limitations purportedly does not apply to TCPA claims, we must apply the most analogous state statute of limitations, which, according to defendants, is Illinois's two-year statute of limitations for actions for statutory penalties.

¶ 32    Defendants are correct that the practice of "limitations borrowing" permits state courts or federal district courts to apply the most analogous state statute of limitations to claims brought under federal statutes that are silent as to limitations periods.[3] *Mydlach*, 226 Ill. 2d at 316. Defendants also are correct that the TCPA itself does not contain a limitations period. However, this does not end the inquiry, because, as plaintiff argues, when Congress enacted

_____

[2]Notably, the Supreme Court vacated the Second Circuit's decision in *Giovanniello* and remanded with directions to reconsider its decision in light of *Mims*. *Giovanniello*, ___ U.S. ___, 133 S. Ct. 159. The Second Circuit in *Giovanniello* had held that Connecticut's state statute of limitations applied to TCPA claims when heard in federal district court under an exercise of diversity jurisdiction. *Giovanniello*, 660 F.3d at 593.

[3]Notably, however, the Supreme Court has held that the practice of limitations borrowing does not require lower courts to adopt an analogous state limitations period where "the operation of [the] state limitations period would frustrate the policies embraced by the federal enactment." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355-56 (1991). In that situation, lower courts may look to federal law for a suitable limitations period. *Lampf*, 501 U.S. at 356.

28 U.S.C. § 1658, it essentially abolished the practice of limitations borrowing for actions arising under federal statutes enacted after December 1, 1990. *Jones*, 541 U.S. at 379-82; *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 n.* (1995). The issue we must resolve is whether Congress intended for the federal catchall statute of limitations codified at 28 U.S.C. § 1658(a) to apply to private claims under the TCPA. We turn to out-of-state cases for guidance on this issue.

¶ 33    As plaintiff points out, a number of states have addressed the issue of which statute of limitations applies to TCPA claims brought in state court.[4] By our count, six states have determined that the four-year federal catchall statute of limitations codified at 28 U.S.C. § 1658(a) applies, and three have determined that a shorter state statute of limitations applies. Compare *Sznyter v. Malone*, 66 Cal. Rptr. 3d 633, 644 (Cal. Ct. App. 2007) (holding that the four-year federal catchall statute of limitations applies to TCPA claims in state court), *Anderson Office Supply, Inc. v. Advanced Medical Associates, P.A.*, 273 P.3d 786, 795 (Kan. Ct. App. 2012) (same), *Worsham v. Fairfield Resorts, Inc.*, 981 A.2d 24, 33 (Md. Ct. Spec. App. 2009) (same), *Zelma v. Konikow*, 879 A.2d 1185, 1190 (N.J. Super. Ct. App. Div. 2005) (same), *Stern v. Bluestone*, 850 N.Y.S.2d 90 (N.Y. App. Div. 2008) (same), *rev'd on other grounds*, 911 N.E.2d 844 (N.Y. 2009), and *Jemiola v. XYZ Corp.*, 126 Ohio Misc. 2d 68, 2003-Ohio-7321, 802 N.E.2d 745, at ¶ 7 (Ct. Com. Pl. 2003) (same), with *Edwards v. Emperor's Garden Restaurant*, 130 P.3d 1280, 1287 (Nev. 2006) (*per curiam*) (holding that state statute of limitations applies to TCPA claims in state court), *Weitzner v. Vaccess America Inc.*, 5 Pa. D. & C.5th 95 (Ct. Com. Pl. 2008) (same), and *David L. Smith & Associates, LLP v. Advanced Placement Team, Inc.*, 169 S.W.3d 816, 823 (Tex. Ct. App. 2005) (same).

¶ 34    Those states that have determined that the four-year federal catchall statute of limitations applies to TCPA claims brought in state court have relied heavily on the Supreme Court's decision in *Jones*.[5] In *Jones*, which provides "the leading interpretation" of the federal catchall statute of limitations (*Sznyter*, 66 Cal. Rptr. 3d at 640), the Supreme Court addressed the issue of whether the catchall limitations period applied to a claim brought under 42 U.S.C. § 1981, which had been amended by the Civil Rights Act of 1991 (Pub. L. No. 102-166, 105 Stat. 1071). *Jones*, 541 U.S. at 371. The Court in *Jones* interpreted the catchall statute of limitations broadly and concluded that it applies to any cause of action that is "made possible by a post-1990 enactment," including, as in *Jones*, an amendment to a preexisting statute. *Jones*, 541 U.S. at 380-82.

¶ 35    Relevant to the issue before us, the Court in *Jones* justified its broad interpretation of the catchall statute of limitations by discussing the problematic history of "limitations

---

[4]Defendants do not cite or discuss a single one of these out-of-state cases in either their opening brief or their reply brief.

[5]In only one of the six cases cited above did the court not rely at all on *Jones*. The case was *Jemiola*, in which the Court of Common Pleas of Ohio simply asserted, with no supporting analysis, that the four-year federal catchall statute of limitations applied. *Jemiola*, 126 Ohio Misc. 2d 68, 2003-Ohio-7321, 802 N.E.2d 745, at ¶ 7.

borrowing," which is the practice of borrowing an analogous state statute of limitations when a federal statute is silent as to a limitations period. The court described the absence of limitations periods in federal statutes as a " 'void which is commonplace in federal statutory law' " (*Jones*, 541 U.S. at 377 (quoting *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483 (1980))), and declared that the "void ha[d] spawned a vast amount of litigation" and had " 'consume[d] the time and energies of judges but *** [had done] little to advance the cause of justice' " (*Jones*, 541 U.S. at 377, 379-80 (quoting *Sentry Corp. v. Harris*, 802 F.2d 229, 246 (7th Cir. 1986))). The problems with limitations borrowing noted by the Court included the difficulties of determining which state statute of limitations was the most appropriate to apply to a federal claim, determining whether the law of the forum or that of the situs controlled, and determining whether federal or state law controlled when an action was commenced or when a limitations period was tolled. *Jones*, 541 U.S. at 378-79. Additionally, the Court noted, the practice led to uncertainty for plaintiffs and defendants due to "[i]nterstate variances" in limitations periods. *Jones*, 541 U.S. at 379. According to the *Jones* Court, the fact that this problematic history had motivated Congress to enact a catchall statute of limitations "strongly support[ed] an interpretation [of section 1658] that fills more rather than less of the void that has created so much unnecessary work for federal judges." *Jones*, 541 U.S. at 380.

¶ 36 In *Zelma*, the Superior Court of New Jersey, Appellate Division, reasoned that the Supreme Court's broad interpretation in *Jones* of the federal catchall statute of limitations required a narrow interpretation of the language "if otherwise permitted by the laws or rules of court of a State" contained in section 227(b)(3) of the TCPA. (Internal quotation marks omitted.) *Zelma*, 879 A.2d at 1188. The court stated, "Consistent with *Jones*, we hesitate to read general language of exception [contained in the TCPA] to infer that Congress intended to create new 'voids' in federal law governing limitations periods and [to] reintroduce the difficulties and confusion that § 1658 was designed to eliminate." *Zelma*, 879 A.2d at 1188. Similarly, in *Worsham*, the Court of Special Appeals of Maryland discussed *Jones* and then stated:

> "The TCPA was enacted just a few months after Congress adopted a provision that was supposed to provide a uniform statute of limitations for all subsequently enabled federal causes of action. It seems highly unlikely that, when Congress enacted the TCPA in 1991, it intended to engender more of the same problems that were caused by borrowing state limitations provisions prior to the 1990 enactment of 28 U.S.C. § 1658." *Worsham*, 981 A.2d at 33.

In *Anderson Office Supply*, the Court of Appeals of Kansas found the reasoning of the courts in *Zelma* and *Worsham* to be persuasive and further explained that the potential for the problems associated with limitations borrowing exists whether a TCPA claim is brought in state court or in federal district court. *Anderson Office Supply*, 273 P.3d at 795.

¶ 37 By contrast, those courts that have concluded that shorter state statutes of limitations apply to private TCPA claims brought in state court have relied on what they view as straightforward interpretations of 28 U.S.C. § 1658(a) and of section 227(b)(3) of the TCPA. The courts reasoned that 28 U.S.C. § 1658 provides that "*[e]xcept as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment

-12-

of this section may not be commenced later than 4 years after the cause of action accrues" (emphasis added) (28 U.S.C. § 1658(a) (2006)). *Edwards*, 130 P.3d at 1286; *Weitzner*, 5 Pa. D. & C.5th at 124; *David L. Smith & Associates*, 169 S.W.3d at 822. They then conclude that section 227(b)(3) of the TCPA "otherwise provides" that private TCPA claims may be brought in state courts only "if otherwise permitted by the laws or rules of court of a State." (Internal quotation marks omitted.) *Edwards*, 130 P.3d at 1286 n.26; *Weitzner*, 5 Pa. D. & C.5th at 126; *David L. Smith & Associates*, 169 S.W.3d at 823. Finally, they concluded that a state statute of limitations is one such rule that may bar the enforcement of a private TCPA claim. *Edwards*, 130 P.3d at 1287; *Weitzner*, 5 Pa. D. & C.5th at 126; *David L. Smith & Associates*, 169 S.W.3d at 823.

¶ 38     One problem with the cases that have concluded that shorter state statutes of limitations apply to TCPA claims is that the cases seem to ignore, without explanation, supremacy clause case law that suggests the opposite conclusion. In *David L. Smith & Associates*, for example, the Court of Appeals of Texas went so far as to reason that in the " 'reverse-*Erie*' " situation of a federal claim being heard in state court, state procedural laws, including state statutes of limitations, apply. *David L. Smith & Associates*, 169 S.W.3d at 822. The Texas court overlooked that, under the *Erie* doctrine, state statutes of limitations "so intimately affect recovery or non-recovery" under state-created rights that federal courts must enforce them along with a state's substantive law. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945). The Texas court provided no explanation for why, in the "reverse-*Erie*" situation of a federal claim being heard in state court, a federal statute of limitations would not likewise "so intimately affect recovery or non-recovery" under a federally created right that it should be enforced along with the federal substantive law. Indeed, the Supreme Court has stated that, "[j]ust as federal courts are constitutionally obligated to apply state law to state claims [under the *Erie* doctrine], [citation], so too the Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under controlling federal law [are] protected.' " *Felder*, 487 U.S. at 151 (quoting *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245 (1942)); see also *McAllister*, 357 U.S. at 228 (Brennan, J., concurring) ("[W]here a federal statute establishes a limitation period for the enforcement of federal rights, which period is an integral part of the right created, that limitation must be applied in actions brought in state courts, whether the state statute be longer [citation], or shorter [citation].").

¶ 39     The cases applying state statutes of limitations to TCPA claims also have ignored, without explanation, that the Supreme Court has never held that a state statute of limitations falls within the category of a "neutral state rule regarding the administration of the courts." Similarly, the cases have ignored *McAllister*, *Engel*, and *Mitchell*, in which the Supreme Court held that federal limitations periods applied to federal claims brought in state courts. *McAllister*, 357 U.S. at 224; *Engel*, 271 U.S. at 38-39; *Mitchell*, 110 U.S. at 641. They also have ignored the Supreme Court's declaration that, when Congress provides a limitations period, it is "definitive." *Holmberg*, 327 U.S. at 395.

¶ 40     A second problem with the cases that have concluded that state statutes of limitations apply is that they provide no explanation for why they interpret the statutory language "if otherwise permitted by the laws or rules of court of a State" as encompassing state statutes

of limitations that are not specifically directed at TCPA claims. In *Edwards*, for example, the Supreme Court of Nevada simply quoted the phrase "if otherwise permitted by [that state's] laws or rules of court" and then conclusorily asserted that "[o]ne such procedural law" was Nevada's two-year statute of limitations for an action for a statutory penalty. *Edwards*, 130 P.3d at 1286-87. We also note that in *Weitzner*, the Court of Common Pleas of Pennsylvania relied in part on the Second Circuit's characterization of the TCPA as the " 'functional equivalent of state law,' " a characterization that explicitly was rejected by the Supreme Court in *Mims*. *Weitzner*, 5 Pa. D. & C.5th at 101 (quoting *Gottlieb*, 436 F.3d at 342). These cases provide no reasonable explanation for why Congress would not have intended for 28 U.S.C. § 1658(a), which applies to statutes enacted after December 1, 1990, to apply to private claims brought under the TCPA, which was enacted in 1991.

¶ 41   Having reviewed the out-of-state cases that have addressed the issue of which statute of limitations applies to TCPA claims filed in state court, we conclude that the cases that have applied state statutes of limitations to private TCPA claims are unpersuasive. Not only do they ignore supremacy clause case law that would suggest the opposite conclusion, but they offer no reasonable explanation for interpreting the statutory language "if otherwise permitted by the laws or rules of court of a State" as encompassing state statutes of limitations that are not specifically directed at TCPA claims.

¶ 42   On the other hand, we do find persuasive the out-of-state cases that have relied on *Jones* to conclude that Congress intended for the four-year federal catchall statute of limitations codified at 28 U.S.C. § 1658(a) to apply to private TCPA claims. We agree that, given the problematic history of limitations borrowing underlying Congress's enactment of 28 U.S.C. § 1658(a), the language "if otherwise permitted by the laws or rules of court of a State" contained in the TCPA must be interpreted narrowly. When Congress enacted the TCPA, it was cognizant of the recently enacted 28 U.S.C. § 1658(a) and easily could have provided that section 1658(a) would not apply to TCPA claims filed in state court. However, Congress did not do so. We decline to interpret the nonspecific statutory language "if otherwise permitted by the laws or rules of court of a State" to be an unambiguous direction from Congress to refrain from applying the federal catchall statute of limitations to TCPA claims.

¶ 43   Not only do we find persuasive the out-of-state cases that have applied the federal catchall statute of limitations to TCPA claims, we also conclude that our supreme court's analysis in *Italia Foods* dictates this result. As we discussed above, applying a shorter state statute of limitations to private TCPA claims brought in Illinois state courts would require us to ignore supremacy clause case law that supports the opposite conclusion. Thus, applying the state statute of limitations also would require us to interpret the statutory language "if otherwise permitted by the laws or rules of court of a State" more broadly than our supreme court in *Italia Foods* interpreted it. In other words, because our supreme court has interpreted this statutory language as simply an acknowledgment of well-established supremacy clause jurisprudence, and because a state court enforcing federal law pursuant to the supremacy clause generally must apply a federal statute of limitations where Congress has provided one, we are compelled to conclude that Illinois state courts must apply the four-year federal catchall statute of limitations to private TCPA claims.

¶ 44   We also reject defendants' argument that the Supreme Court's reasoning in *Jones* is

irrelevant in the context of TCPA claims brought in state courts because, according to defendants, the problems associated with limitations borrowing are unique to federal courts. As the Kansas court in *Anderson Office Supply* reasoned, the problems associated with limitations borrowing exist whether a federal claim is brought in state court or in federal district court. *Anderson Office Supply*, 273 P.3d at 795; see also *Mydlach*, 226 Ill. 2d at 316-17 (involving limitations borrowing in the context of a federal claim brought in Illinois state court). Furthermore, we find defendants' argument ironic considering that they are asking us to engage in limitations borrowing in this case. Indeed, were we to agree with defendants that the federal catchall statute of limitations did not apply to TCPA claims brought in Illinois state courts, we would then have to decide which state statute of limitations should apply, the difficulty of which would be a prime example of the problems associated with limitations borrowing.

¶ 45                                   CONCLUSION

¶ 46      For the foregoing reasons, we answer the first certified question in the negative. As to the second certified question, we conclude that the four-year federal catchall statute of limitations codified at 28 U.S.C. § 1658(a) applies to private TCPA claims filed in Illinois state courts.

¶ 47      Certified questions answered.